64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George CAIN, Plaintiff-Appellant,
v.
Ricky J. BELL; W. Jeff Reynolds; Christine J. Bradley,
Defendants-Appellees.
 No. 94-6602.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 George Cain appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Cain filed his complaint in the district court alleging that his prison record contains information in violation of prison regulations which pertains to 1985 prison disciplinary charges against him which were dismissed. Plaintiff named the defendant Tennessee prison officials in unspecified capacities and sought only declaratory and injunctive relief. After the district court dismissed the complaint as frivolous without prejudice to plaintiff's right to file an amended complaint, plaintiff filed an amended complaint. Plaintiff alleged that he was denied due process with respect to the 1985 disciplinary charges and, in addition to declaratory and injunctive relief, sought $1,000 in unspecified money damages from each defendant again in unspecified capacities. Defendants were served with summonses and filed answers to the amended complaint.
 
 
 3
 Defendants filed a motion to dismiss the complaint or for summary judgment. Plaintiff responded in opposition and filed a motion for summary judgment. The magistrate judge recommended that defendants' motion to dismiss or for summary judgment be denied and that summary judgment for plaintiff be granted. Defendants filed objections, and plaintiff submitted a reply. The district court rejected the magistrate judge's recommendation and granted summary judgment for defendants. Thereafter, the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 4
 On appeal, plaintiff asks that the 1985 disciplinary report be expunged from his prison record and relies upon the magistrate judge's report and recommendation. Defendants respond that the district court's judgment was proper because plaintiff's claims are barred by the applicable statute of limitations. Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum entered September 15, 1994.
 
 
 5
 To the extent that plaintiff's claims are cognizable under Sec. 1983, the claims are barred under the applicable statute of limitations. The one year statute of limitations provided in Tenn. Code Ann. Sec. 28-3-104(a) applies to civil rights claims arising in Tennessee. See Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir. 1992). Plaintiff's cause of action accrued and the statute of limitations began to run when plaintiff knew or had reason to know of the injury that is the basis of this action. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991); Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991). Although the magistrate judge concluded that plaintiff asserts a "continuing violation" of his rights, the district court rejected this conclusion. Generally, the determination of whether a "continuing violation" exists must be made considering what events "should have alerted the average lay person to protect his rights." See Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir. 1989) (citations omitted). Here, plaintiff was clearly on notice to take measures to protect his rights no later than September 14, 1992, after he received a copy of the computer information pertaining to his disciplinary record. While plaintiff filed a prison grievance to assert his rights at that time, the exhaustion of prison grievance procedures does not toll the statute of limitations. Arguably, plaintiff's claims accrued much earlier when he should have discovered the claims through his review of his institutional file in 1986, 1987, 1989, and 1990. See Friedman, 929 F.2d at 1159. Moreover, the district court correctly concluded that plaintiff's claims do not involve a continuing current violation of plaintiff's rights; rather, plaintiff alleged the continued effects of past wrongs. See Dixon, 928 F.2d at 216-17. Plaintiff's claims are barred because his initial complaint was filed on November 4, 1993, more than one year after the claims accrued.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.